UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of NOVO NORDISK A/S, | Case No. 3:25-mc-80067-JSC<br><br>**EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>Re: Dkt. No. 1 |

Novo Nordisk A/S seeks discovery from Otsuka America Pharmaceutical, Inc. pursuant to 28 U.S.C. § 1782 in support of foreign proceedings pending in the courts of Singapore and the Cayman Islands. (Dkt. No. 1.) Upon consideration of the application and the relevant legal authority, the Court GRANTS the application.

**BACKGROUND**

Novo is a pharmaceutical company based in Denmark. (Dtk. No. 1 at 8.[1]) In October 2023, Novo entered into an asset purchase agreement with KBP Biosciences Pte. Ltd., whereby Novo acquired from KBP rights to a drug known as Ocedurenone, intended for treating patients with uncontrolled hypertension and advanced chronic kidney disease. (*Id*.) In exchange for rights to Ocedurenone and certain related assets, Novo paid an upfront purchase price of approximately $800 million. (*Id*.) Novo alleges that after the transaction closed it discovered evidence KBP and its Chairman and Founder, Dr. Huang Zhenhua, had fraudulently induced Novo to enter the transaction by misrepresenting and omitting material information concerning the efficacy of

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

Ocedurenone. (*Id*. at 8-9.) This includes information regarding Otsuka, a previous prospective licensor or purchaser of Ocedurenone, who decided not to proceed with the purchase after learning information about a clinical trial involving Ocedurenone in Bulgaria. (*Id*.)

Upon learning this information, Novo commenced actions in Singapore and the Cayman Islands seeking worldwide freezing orders against the KBP Defendants, in support of an international arbitration claim that Novo is preparing to commence. (*Id*. at 9.) The Singapore and Cayman Islands courts have issued these freezing orders and Novo now seeks targeted discovery from Otsuka concerning what information KBP provided to Otsuka about the Bulgarian results in the Phase 2 Study and the reason why Otsuka declined to complete a transaction for Ocedurenone after receiving this information. (Dkt. No. 1-4 at ¶¶ 5-11; Dkt. No. 1-8 at ¶¶ 5-11.) Otsuka does not object to this discovery. (Dkt. No. 1-1 at ¶ 3.) Novo asks for expedited consideration of its application for fear KBP will move to lift the freezing orders. (Dkt. No. 6.)

**DISCUSSION**

Section 1782(a) allows a district court to order discovery for use in a foreign country when the discovery applicant meets several statutory requirements and is not privileged from production. *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 264-65 (2004).

**I.     STATUTORY REQUIREMENTS.**

A court may order discovery for use in a foreign proceeding under Section 1782 when the following requirements are met: (A) the person from whom the discovery is sought "resides or is found" in the district where the application is made; (B) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (C) the application is made by a foreign or international tribunal or "any interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

All three requirements are met here. The residence requirement is satisfied because Otsuka is a pharmaceutical company with an office in this District. (Dkt. No. 1-1 at ¶ 2.) *See In re Ex Parte Application of Qualcomm Inc*., 162 F. Supp. 3d 1029, 1035-36 (N.D. Cal. 2016) (holding a corporation satisfied the Section 1782 jurisdiction requirement by maintaining non-headquarter offices within the district). Novo seeks discovery from Otsuka for use in two pending foreign

proceedings: the Singapore court proceeding and the Cayman court proceeding. *See Intel Corp.*, 542 U.S. at 241; *see also HRC-Hainan Holding Co., LLC v. Yihan Hu*, 2020 WL 906719, at *8 (N.D. Cal. Feb. 25, 2020) (holding that Hainan court proceeding to preserve assets for arbitration award met the second *Intel* requirement). Finally, Novo, as a party to the foreign court proceedings, is an "interested party." *See Intel Corp.*, 542 U.S. at 256.

## II.   DISCRETIONARY FACTORS

Courts have discretion to grant or deny Section 1782 applications after finding the applicant has satisfied the above statutory requirements. *Intel Corp.*, 542 U.S. at 241. In making the determination, courts consider the following four factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "und023uly intrusive or burdensome." *Id.* at 244-45.  The *Intel* discretionary factors weigh in favor of granting Novo's request.

### A.   Participation in Foreign Proceeding

When evaluating the first factor, the inquiry is whether the person or entity from whom discovery is sought is a participant in the foreign proceeding. *Intel Corp.*, 542 U.S. at 244 ("when the person from whom discovery is sought is a participant in the foreign proceeding ... the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."). Otsuka is not a party to the proceedings in either Singapore or the Cayman Islands. Therefore, this factor weighs in favor of granting the application.

### B.   Nature of Foreign Tribunal and its Receptivity

Turning to the second factor, the Court considers the "nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance." *Intel Corp.*, 542 U.S. at 244.  Courts have held this

factor weighs in favor of granting the application unless the foreign tribunal expressly says it does not want assistance from U.S. federal courts. *See, e.g., Euromepa S.A. v. R. Esmerian, Inc*., 51 F.3d 1095, 1100-01 (2d Cir. 1995) (a district court "should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782."). Here, both the Singapore and Cayman courts are receptive to the use of relevant evidence obtained lawfully in other jurisdictions, including the United States. (Dkt. No. 1-4 at ¶ 19; Dkt. No. 1-8 at ¶ 20.)

### C. Attempt to Circumvent Foreign Law

The third discretionary factor looks to "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States." *Intel Corp*., 542 U.S. at 244-45. "[T]his factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (quotations and citations omitted). Novo has submitted declarations from its counsel in Singapore and the Caymans attesting there is nothing in either jurisdiction that would preclude use of the discovery sought here. (Dkt. No. 1-4 at ¶ 10; Dkt. No. 1-8 at ¶ 20.)

### D. Unduly Intrusive or Burdensome Requests

Finally, the request must not be unduly burdensome. *Intel Corp*., 542 U.S. at 265. Novo seeks:

> three narrow categories of documents and related deposition testimony: (1) documents sufficient to show any interim results provided to Otsuka from the Phase 2 Study of Ocedurenone; (2) any analyses provided by KBP of the data, results, or clinical practices at the Bulgaria Site during the Phase 2 Study of Ocedurenone, including any responses by KBP to questions or concerns raised by Otsuka about such matters; and (3) documents sufficient to show the reason or reasons why Otsuka decided not to continue or complete the Ocedurenone transaction.

(Dkt. No. 1 at 18; Dkt. No. 1-3.) This discovery is relevant to Novo's claims in the foreign proceedings and its claims of fraud/misrepresentation, and is narrowly tailored to seek information in support of its claims. Further, Otsuka does not object to this discovery. (Dkt. No. 1-2 at ¶ 3.)

## CONCLUSION

For the reasons stated above, the Court GRANTS the 1782 application. Novo may serve

the subpoena attached at Exhibit 2 to its application.  (Dkt. No. 1-3.)

This Order disposes of Docket Nos. 1, 6.

**IT IS SO ORDERED.**

Dated: March 17, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge